IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MITCHELL SCOTT PATTERSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE/EDUCATION MONTANA STATE PRISON and ATTORNEY GENERAL OF MONTANA,<br><br>Respondents. | **Cause No. CV 23-19-BU-BMM-JTJ**<br><br>**ORDER** |

This case comes before the Court on state pro se Petitioner Mitchell Scott Patterson's ("Patterson") petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

**I.    Preliminary Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.; *see also* 28 U.S.C. § 1915A(B)(1), (2). The court must dismiss a habeas petition or portion thereof if, for example, the petitioner raises claims that prove legally "frivolous or malicious" or

1

fail to state a basis upon which habeas relief may be granted. As explained below, Patterson's claim does not survive this preliminary review. The Court will dismiss Patterson's petition for the following reasons.

## II.   Exhaustion

Patterson pleaded guilty and was convicted in Montana state district court in Bozeman, Gallatin County, Montana, on August 3, 2021, of sexual intercourse without consent. (Doc. 1 at 2-3.) The trial court sentenced Patterson to twenty years' incarceration at Montana State Prison, with ten years suspended. (Doc. 1 at 3.) Patterson did not appeal his conviction, but he applied for relief at the Sentence Review Division. (Doc. 1 at 3.) His sentence was not changed following review. *Id.* He has not filed a postconviction petition.

Patterson claims that his sentencing order requires him to complete Phase I and II of sex offender programming before he is eligible to see the Parole Board. (Doc. 1 at 5.) MSP does not currently offer these classes. Patterson believes that he has served more time than he should because he has not been able to complete the sex offender classes that would make him eligible to appear before the Parole Board. (Doc. 1 at 4.) He asks to see the Parole Board and be paroled to pre-release where he could complete the classes outside prison. (Doc. 1 at 7.)

Patterson challenges the manner in which the State of Montana has handled

his sentence under state law provisions. The Court may entertain a habeas corpus petition only if Patterson demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a)). To the extent that Patterson could identify a cognizable federal claim, such a claim remains unexhausted. Patterson acknowledges he has not presented this claim to any Montana state courts other than the Sentence Review Division, and the Sentence Review Division would not address the availability of the required classes.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

A petitioner must satisfy the following to meet the exhaustion requirement: 1)

use the "remedies available," through the state's established procedures for appellate review; 2) describe "the federal legal theory on which his claim is based,"; and 3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

The Montana state courts have not considered the claim Patterson attempts here to advance. Patterson must present the same claim to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claim. *O'Sullivan*, 526 U.S. at 845. The Court cannot review the claim because Patterson has not yet completely exhausted his available state court remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982). The Court will dismiss Patterson's petition **without prejudice**, allowing Patterson to return to this Court if and when he fully exhausts the claim relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Reasonable jurists would find no basis to encourage further proceedings because Patterson's petition remains unexhausted. There are no close questions and there is no reason to encourage further proceedings in this Court. The Court denies a certificate of appealability.

**ORDER**

Accordingly, **IT IS ORDERED** that:

5

1. Patterson's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 7th day of June, 2023.

*Brian Morris, Chief District Judge*
United States District Court